# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARISA OROZCO, | DOCKET NUMBER |
| Appellant, | SF-1221-18-0299-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: July 2, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Patrick Bradley, North Hills, California, for the appellant.

Jessica Choi, Los Angeles, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under 5 U.S.C. § 1221. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant argues that the administrative judge should have found that her November 1, 2017 disclosure was protected. Petition for Review File, Tab 1 at 10. She also contends that, in addition to her October 11, 2017 disclosure to the proposing official, the protected disclosures she made to other individuals on September 17 and October 28, 2017, were also a contributing factor in the proposed removal. *Id.* at 10-11. She further argues that, contrary to the initial decision, the agency did not prove by clear and convincing evidence that it would have proposed her removal in the absence of her protected disclosures. *Id.* at 11-19.

For the reasons explained in the initial decision, we agree with the administrative judge that the appellant's November 1, 2017 disclosure did not evince a reasonable belief that her supervisor engaged in an abuse of authority. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). We have also considered whether that disclosure might have evinced a reasonable belief that the supervisor violated a law, rule, or regulation by placing incorrect information in the workers' compensation form. However, we find that the record does not support such a finding. Nevertheless, we agree with the appellant that she established by a preponderance of the evidence that her September 17 and October 28, 2017 disclosures were a contributing factor in her proposed removal.

The term "contributing factor" means any disclosure that affects an agency's decision to threaten, propose, take, or not take a personnel action

regarding the individual making the disclosure. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 21 (2016). The most common way of proving the contributing factor element is the "knowledge/timing test." *Id*. Under that test, an appellant can prove that her disclosure was a contributing factor in a personnel action through evidence that the responsible agency official knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that a disclosure was a contributing factor in a personnel action. *Id*.

An appellant may satisfy the knowledge prong of the knowledge/timing test by proving that the official taking the action had constructive knowledge of the protected disclosure, even if the official lacked actual knowledge. *Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014). One way of establishing constructive knowledge is to show that an individual with actual knowledge influenced the official accused of taking the retaliatory action. *Id*. In an individual right of action appeal, such as this one, the party before the Board is the agency, not its individual officials, and lack of knowledge by a particular official is not dispositive. *Id*.

While the record does not establish that the proposing official had actual knowledge of the appellant's September 17 and October 28, 2017 disclosures, it does show that the recipients of these disclosures took actions that influenced the proposing official's decision. First, under the absence without leave (AWOL) charge, the proposal notice lists six dates between October 11 and November 7, 2017, on which the appellant was charged AWOL. Initial Appeal File (IAF), Tab 9 at 93. The record reflects that it was the recipient of the September 17, 2017 disclosure who marked the appellant as AWOL on at least five of these dates. IAF, Tab 6 at 4-7. Under the lack of candor charge, the proposal notice states that, on October 29, 2017, the appellant reported that she had shaved patient C and entered this information into the patient's records, and that her supervisor—the recipient of the October 28, 2017 disclosures—then verified that

the patient was not shaved and that the information entered into the patient's medical record was inaccurate. IAF, Tab 9 at 94. On October 30, 2017, the recipient of the October 28, 2017 disclosure submitted a report of contact documenting that incident. IAF, Tab 10 at 38. Additionally on November 9, 2017, the recipient of the September 17, 2017 disclosure completed a report of contact describing the incident described in the second specification of the charge of failure to follow instructions. IAF, Tab 9 at 94, 112. Finally, the charge of inappropriate conduct was based on a November 13, 2017 email, which the appellant sent to the recipient of the September 17, 2017 disclosure, and which the recipient forwarded to the proposing official on the following day. *Id*. at 94, 110.

Accordingly, we conclude that the appellant established by preponderant evidence that the proposing official had constructive knowledge of the September 17 and October 28, 2017 disclosures, as well as actual knowledge of the October 11, 2017 disclosure. Moreover, all three disclosures occurred within 2 months of the November 16, 2017 proposal notice. *See Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 22 (2010) (holding that a personnel action taken as late as 1 to 2 years after the appellant's disclosures satisfies the timing component of the knowledge/timing test). Accordingly, we conclude that the knowledge/timing test is satisfied with all three protected disclosures, and that the appellant has thereby shown that all three were contributing factors in her proposed removal.

Having found that the September 17, October 11, and October 28, 2017 disclosures were contributing factors in her proposed removal, we turn to the question of whether the agency has shown by clear and convincing evidence that it would have proposed her removal in the absence of those disclosures. *See* 5 U.S.C. § 1221(e)(2). In determining whether an agency has met its burden, the Board will consider the following factors: the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on

the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). Our reviewing court has further clarified that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

In addressing the second *Carr* factor, the administrative judge considered only the strength of the proposing official's motive to retaliate for the October 11, 2017 disclosure. IAF, Tab 38, Initial Decision at 12-18. However, in determining whether an agency has proved by clear and convincing evidence that it would have taken an alleged retaliatory action absent the appellant's whistleblowing, the Board will consider not only any retaliatory motive to retaliate on the part of the agency official who ordered the action, but also any motive to retaliate on the part of other agency officials who influenced the decision. *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 62 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012). Hence, to properly assess the extent of any retaliatory motive in this appeal, it is necessary to consider the existence and extent of any retaliatory motive on the part of the recipients of the September 17 and October 28, 2017 disclosures, as well as the proposing official. *See Herman v. Department of Justice*, 119 M.S.P.R. 642, ¶ 20 (2013); *see also Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 29 (2014) (agreeing with the administrative judge that the evidence reflected a motive on the part of the agency to retaliate, especially in light of the appellant's supervisor's role in reporting the appellant's alleged misconduct).

Generally, the administrative judge is in the best position to conduct the required analysis, because she is the one who heard the live testimony and made credibility determinations. *Shibuya v. Department of Agriculture*, 119 M.S.P.R.

537, ¶ 37 (2013). In this case, the administrative judge who conducted the hearing is no longer employed by the Board. In addition, neither the parties nor the administrative judge elicited testimony from the recipients of the protected disclosures—who were also the alleged wrongdoers in those disclosures—concerning the existence and strength of their motive to retaliate against the appellant. Under these circumstances, we find it appropriate to remand the case for a new administrative judge to conduct further development of the record, including a supplemental hearing if the appellant desires one, concerning the second *Carr* factor. The new administrative judge should then conduct a new analysis of the *Carr* factors, taking into account all three protected disclosures. *See id*., ¶¶ 37-38; *see also Herman*, 119 M.S.P.R. 642, ¶¶ 20-21. The new administrative judge may adopt the findings of the original administrative judge as to the first and third *Carr* factors.[2]

---

[2] The Board has held that, when there is conflicting testimony on a material issue, and a new administrative judge will decide the case, the testimony should be heard again to permit her to make credibility determinations based on witness demeanor. *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 24. A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Id*. Because the existing record does not contain conflicting testimony material to the first and third *Carr* factors, it is unnecessary for the new administrative judge to rehear the testimony regarding those factors.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.  In the remand initial decision, the administrative judge may adopt prior findings as appropriate, consistent with this Remand Order.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.